IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK07-42287-TLS |
| ROY ALLEN ADAMS & ) | A09-4002-TLS |
| CHERYL A. ADAMS, ) | |
| ) | |
| Debtor(s). ) | |
| STACY C. NOSSAMAN-PETITT, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| ADAMS ENTERPRISES, INC., a Nebraska ) | |
| corporation, and CATTLE NATIONAL ) | |
| BANK & TRUST CO., ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the court on the cross-motions for summary judgment filed by Adams Enterprises, Inc. (Fil. #17), Cattle National Bank & Trust (Fil. #19), and the Chapter 7 trustee (Fil. #21). Stacy Nossaman-Petitt appeared as Chapter 7 trustee, Brian S. Kruse and Rick D. Lange represent Cattle National Bank & Trust Co., and Thomas E. Zimmerman represents Adams Enterprises, Inc. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motions were taken under advisement without oral arguments.

The defendants' motions are granted. The trustee's motion is denied.

The Chapter 7 trustee filed this preference action against the debtors to recover the transfer of real property to one defendant and to avoid a lien granted to the other defendant. She alleges that the debtors executed a deed to transfer a parcel of real estate in Sidney, Nebraska, to Adams Enterprises, Inc., an entity owned by their son. The deed was executed on March 13, 2007, and recorded on November 17, 2007. At the same time, the debtors and Adams Enterprises executed a promissory note to Cattle National Bank & Trust. Adams Enterprises executed a deed of trust to secure the obligation. The deed of trust was filed on November 5, 2007. The debtors filed their Chapter 7 petition on November 30, 2007.

Both defendants move for summary judgment, asserting that the debtors had no interest in the property transferred, so 11 U.S.C. § 547(b) does not apply. They argue in the alternative that even if the deed of trust involved the debtors' property, the earmarking doctrine protects it from avoidance. The trustee also moves for summary judgment, asserting that each element of § 547(b) has been established, so there is no genuine issue of material fact left to be tried.

I. Summary Judgment Standard

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). An issue is genuine if it has a real basis in the record, and a genuine issue of fact is material if it might affect the outcome of the suit. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record, without resorting to speculation. *Hitt v. Harsco Corp.*, 356 F.3d 920, 923-34 (8th Cir. 2004).

II. Elements of a Preferential Transfer

The Bankruptcy Code authorizes a bankruptcy trustee to avoid certain transfers made to creditors just prior to the bankruptcy filing. § 547(b).[1] Section 547 serves two purposes:

> First, by permitting the trustee to avoid transfers made in the ninety days before bankruptcy, creditors are discouraged from a race to the courthouse during the slide into bankruptcy. Second, it furthers the prime policy of the Bankruptcy Act of an equal distribution of the debtor's assets among similarly situated creditors. The

---

[1] That section states:

(b) [T]he trustee may avoid any transfer of an interest of the debtor in property —
 (1) to or for the benefit of a creditor;
 (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
 (3) made while the debtor was insolvent;
 (4) made —
  (A) on or within 90 days before the date of the filing of the petition; or
  (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
 (5) that enables such creditor to receive more than such creditor would receive if —
  (A) the case were a case under chapter 7 of this title;
  (B) the transfer had not been made; and
  (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

trustee may avoid the transfer of a debtor's property to a creditor that diminishes the bankruptcy estate or creates inequality among creditors, if the debtor was insolvent and the transfer was made within ninety days of the filing of the bankruptcy petition.

*Velde v. Kirsch*, 543 F.3d 469, 472 (8th Cir. 2008) (internal citations omitted).

### III. Uncontroverted Facts

The following facts are undisputed or are established by the evidence:

1. This is an adversary proceeding filed under 11 U.S.C. § 547.

2. The plaintiff is a Chapter 7 panel trustee duly appointed to oversee the administration of the underlying Chapter 7 bankruptcy case.

3. Defendant Cattle National Bank & Trust Company is a national banking association.

4. Defendant Adams Enterprises, Inc., is a corporation existing under the laws of the state of Nebraska.

5. The debtors filed their Chapter 7 bankruptcy petition on November 30, 2007.

6. On the petition date, the debtors were not the record owners of real estate commonly known as 2281 Trail Road, Sidney, Nebraska ("the real estate").

7. The debtors obtained title to the real estate via a deed from Fairways, Inc., dated August 23, 2005, and recorded on September 2, 2005. Fairways, Inc., has no relationship to the debtors or any of their family members.

8. The debtors began to build a "spec home" on the real estate. They obtained a construction loan from American National Bank using the real estate and their residence as collateral.

9. The debtors transferred their interest in the real estate to Adams Mega Services, L.L.C., via a quitclaim deed executed on August 13, 2005, and recorded on September 13, 2005.

10. As of September 2, 2005, the real estate was subject to a deed of trust lien in favor of American National Bank under a deed of trust executed by the debtors and Adams Mega Services.

11. Debtor Roy Allen Adams is the sole member of Adams Mega Services.

12. The debtors held no record title interest in the real estate after the transfer to Adams Mega Services.

13. Adams Mega Services transferred its interest in the real estate to Adams Enterprises, Inc., via a warranty deed dated March 13, 2007, and recorded November 13, 2007.

14. Adams Enterprises' sole shareholder is the debtors' son Mike.

15. The debtors have no ownership interest in Adams Enterprises, Inc.

16. Adams Enterprises executed a promissory note to Cattle National Bank in the principal amount of $240,000 on March 13, 2007. The note was signed by Michael A. Adams in his personal capacity and as president of Adams Enterprises, and by the debtors in their personal capacities.

17. The note is secured by a deed of trust on the real estate executed by Adams Enterprises, Inc., dated March 13, 2007, and filed November 5, 2007.

18. The purpose of the loan from Cattle National Bank was to pay off the American National Bank loan on the real estate. Upon the execution of the note, $133,409.13 was transferred to American National Bank. Thereafter, the debtors, on behalf of Adams Mega Services, and Mike Adams requested periodic advances of the loan funds. On occasion, the advances were deposited in Adams Enterprises' checking account, but more often were wired to Adams Mega Services' account at American National Bank.

19. The loan officer at Cattle National Bank wanted the title to the collateral to be held by the borrower, so that was the purpose of transferring the real estate from Adams Mega Services to Adams Enterprises.

## IV. Discussion

The first element of § 547 is whether the transfer involved an interest of the debtors in property. In this case, the answer to that question is dispositive, so the defendants' arguments in the alternative need not be addressed. The undisputed facts demonstrate that the transfer in question was from Adams Mega Services to Adams Enterprises. The debtors in their individual capacity had no interest in the real property at the time the transfer occurred.

To the extent the trustee may be attempting to argue that Ron Allen Adams' membership in Adams Mega Services renders the L.L.C.'s property property of the bankruptcy estate, that argument is unavailing. Mr. Adams' interest in Adams Mega Services is his personal property and to that extent is property of his bankruptcy estate. Neb. Rev. Stat. § 21-2621 ("The interest of a member in a limited liability company constitutes the personal estate of the member[.]"); 11 U.S.C. § 541(a)(1). Under principles of corporate law, the debtor's property interest "is narrowly confined to the intangible rights represented by the stock certificate or other ownership documentation." *In re Calhoun*, 312 B.R. 380, 384 (Bankr. N.D. Iowa 2004) (citing *Peoples Bankshares, Ltd. v. Dep't of Banking (In re Peoples Bankshares, Ltd.)*, 68 B.R. 536, 539 (Bankr. N.D. Iowa 1986)).

Accordingly, the property of Adams Mega Services cannot be drawn into the bankruptcy estate, and any transfers the L.L.C. made are not attributable to the debtors and are not preferential transfers to be recovered by the bankruptcy trustee.

IT IS ORDERED: The motion for summary judgment filed by Adams Enterprises, Inc. (Fil. #17) is granted. The motion for summary judgment filed by Cattle National Bank & Trust (Fil. #19) is granted. The motion for summary judgment filed by the Chapter 7 trustee (Fil. #21) is denied. Separate judgment will be entered.

DATED:    September 25, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Stacy Nossaman-Petitt
    *Brian S. Kruse
    *Rick D. Lange
    *Thomas E. Zimmerman
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.